UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD ANTHONY BURROS,

    Petitioner,

v.

Case No. 1:05-cv-701
Hon. Gordon J. Quist

CINDI CURTIN,

    Respondent.
_____/

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court on petitioner's "motion to hold habeas petition in abeyance" (docket no. 28). Petitioner seeks to hold this court hold his petition in abeyance so that he can exhaust an additional claim in the state courts. Specifically, petitioner desires to file a motion for relief from judgment pursuant to M.C.R. § 6.500 "to give the state courts an opportunity to (1) pass or rule on the issue of his 'actual innocence,' (2) to decide if the exclusion of this issue has prejudiced the Petitioner, and (3) to determine if Petitioner has demonstrated sufficient cause for manifest injustice." Petitioner's brief at 2. Petitioner also contends that "other evidence exists of his innocence that has not yet been presented to the state courts for review." *Id.* Specifically, petitioner contends that "[e]vidence exists in the form of videotape footage that can factually prove the innocence of Petitioner." *Id.* at 3. Petitioner also contends that the police and the prosecution deny that this other evidence, i.e., the videotape, exists. *Id.*

It is unnecessary for the court to address the merits of petitioner's motion. Even if petitioner exhausts his "actual innocence" claim in state court, his subsequent attempt to amend the petition to include this claim would be futile. While FED. R. CIV. P. 15(a) provides that a party may amend a pleading upon leave of court and "that leave shall be freely given when justice so requires," justice does not require the court to grant leave to file a futile amendment. *See Alexander v. Margolis*, 921 F. Supp. 482, 485 (W.D. Mich. 1995), *aff'd* 98 F. 3d 1341 (6th Cir. 1996) ( "[i]f the amendment will be futile . . . justice does not require the court to grant leave"). "A court need not grant leave to amend, however, where amendment would be futile. Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quotation marks and citations omitted).

Petitioner suggests he wants to raise an actual innocence claim. The United States Supreme Court does not recognize a free-standing actual innocence claim in federal habeas proceedings. *See House v. Bell*, -- U.S.--, 126 S.Ct. 2064, 2087 (2006). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Since petitioner's claim as stated would be futile, his motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 17, 2006             /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge